FREDERICK H. EBELING, Appellant, v. FRANK N. KYSER and Another, Respondents.— Judgment affirmed, with costs. All concur.

ONTARIO INDUSTRIAL COMPANY, Appellant, v. THE NEW YORK AIR BRAKE COMPANY, Respondent.— Judgment and order affirmed, with costs. Held, that both parties having moved for a directed verdict, the appellant is concluded by the finding of the trial court in favor of the defendant, to the effect that the money posted with the defendant to insure the faithful performance of the contract between the defendant and the Barnes Gear Company was advanced to the Barnes Gear Company for that purpose by the plaintiff and that the plaintiff did not stand in the place of surety; also held, that on the 15th day of July, 1917, the Barnes Gear Company was in default in the performance of its contract and that what the defendant did in recovering its property from the possession of the Barnes Gear Company did not constitute a change in the contract so that it would release a surety even if the plaintiff stood in the place of a surety. All concur.

CHARLES E. McKNIGHT, Respondent, v. HOOKER ELECTRO-CHEMICAL COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur.

MANDEVILLE REAL ESTATE AGENCY, Respondent, v. LENA GOODMAN, Appellant.— Judgment affirmed, with costs. All concur.

JAMES A. GREGORY, Respondent, v. JAMES O. SEBRING, Appellant.— Judgment and order affirmed, with costs. All concur.

JAMES J. MORRISSEY, Respondent, v. GREAT EASTERN ELEVATOR COMPANY, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, that there is no evidence in this record of any defect in the rope or appliances furnished by the defendant for the use of the plaintiff and his coemployees, and that without such proof there can be no liability against the defendant. All concur.

MARTIN BAUMAN, as Administrator, etc., of JOHN BAUMAN, Deceased, Respondent, v. BROADWAY BREWING AND MALTING COMPANY, Impleaded with CHARLES GLAWF, Appellant.— Judgment and order affirmed, with costs. All concur.

ROSAMOND GIFFORD, Respondent, v. THE TRUST AND DEPOSIT COMPANY OF ONONDAGA, as Executor, etc., of WILLIAM H. GIFFORD, Deceased, Appellant.— Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over within twenty days upon payment of the costs of the demurrer and of this appeal. All concur.

MARY E. BROCKWAY, as Administratrix, etc., of LESTER G. BROCKWAY, Deceased, Respondent, v. THE CITY OF UTICA, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $2,500 as of the date of rendition thereof, in which event the judgment is modified accordingly, and, as so modified, is, together with the order, affirmed, without costs of this appeal to either party. Held, that since under section 1903 of the Code of Civil Procedure the whole recovery is for the benefit of the mother, we think the verdict is excessive, in view of the mother's age. All concur.